O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. MOON INC., a California corporation; Robert J. Moon, an individual as trustee of Trust A of the RJ & EB Moon Trust dated 05/30/1991,<br><br>                    Plaintiffs,<br><br>    v.<br><br>IQBAL ASHRAF, individually and as Trustees and/or Trustor of the IQBAL ASHRAF FAMILY TRUST, established March 15, 1999; MOHAMMED LATIF, RESS FINANCIAL CORPORATION, a California corporation; ASIF M. SIDDIQ,<br><br>                    Defendants.<br>_____ | Case No. CV 13-06401 DDP (RZx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING MOTION FOR SANCTIONS**<br><br><br><br><br>[Dkt. Nos. 6, 8] |

    Presently before the court is Plaintiff R.J. Moon, Inc.'s Motion to Remand and Motion for Sanctions.  Removing Defendant Muhammad Latif, appearing pro se, has not opposed either motion. Accordingly, the court GRANTS Plaintiff's Motion to remand, but DENIES Plaintiff's Motion for Sanctions.

///

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

The hearing on Plaintiff's motions was set for December 16, 2013. Plaintiff's oppositions were therefore due by November 25, 2013. As of the date of this Order, Defendant has not filed an opposition or any other filing that could be construed as a request for a continuance. Accordingly, the court deems Defendant's failure to oppose as consent to <u>granting the motion to remand, GRANTS the motion,</u> and REMANDS this matter to the Los Angeles County Superior Court.

With respect to sanctions, the court notes that this is the second time Defendant has removed this case to this court. This is the first time, however, that Defendant has invoked federal question jurisdiction. It does not appear to the court that Plaintiffs' Complaint raises any question of federal law, nor has Defendant disputed Plaintiff's assertion that this case should be remanded. In light of Defendant's pro se status, Plaintiff's <u>Motion for Sanctions is DENIED</u>. The court cautions, however, that any further attempts to remove this case may result in sanctions equal to or greater than those currently sought by Plaintiff.

IT IS SO ORDERED.

Dated: December 11, 2013

DEAN D. PREGERSON
United States District Judge